**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ANDERSON DIVISION**
CASE NO.: 8:24-cv-4557-BHH

| | |
|---|---|
| Laury D. Beesley, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Werner Co., d/b/a Werner, | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

NOW INTO COURT, comes WERNER CO., d/b/a WERNER ("Defendant"), which pursuant to 28 U.S.C. § 1332, 28 U.S.C. §1441 and 28 U.S.C. §1446 and hereby remove this lawsuit styled *Laury D. Beesley v. Werner Co. d/b/a Werner*, Case No. 2024CP3700566, from the Court of Common Pleas, Oconee County Division, State of South Carolina, to the United States District Court of the District of South Carolina. Defendant respectfully submits that the grounds for its removal of this action are as follows:

1.     On August 6, 2024, Plaintiff Laury D. Beesley ("Plaintiff") initiated this lawsuit by filing a Complaint in the Court of Common Pleas for the County of Oconee, State of South Carolina ("the state Court Action").

2.     In the State Court Action, Plaintiff alleges that the Defendant was strictly liable, negligent, breached implied warranty, and breached warranty as to merchantability and fitness for particular purpose by designing, manufacturing and/or distributing a Werner LEANSAFE X3 Aluminum 3-in-1 Multi-Position Ladder, which they allege

PD.46456832.1

contained a defective safety latch that caused injuries to Plaintiff on or about December 11, 2022 (the "incident").

3.    The Defendant first received notice of this action on August 9, 2024, via process server, (See Exhibit "A" attached hereto and incorporated by reference.)

4.    Pursuant to 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served upon Defendants in the State Court Action are attached hereto as Exhibit "A")

### Citizenship Of The Parties

5.    At all pertinent times, Defendant was and is a corporation that is organized and exists under the laws of the state of Delaware, with its principal places of business in Illinois.

6.    The Complaint alleges that the Plaintiff is, and was, at all times relevant hereto, citizens and residents of Oconee County, South Carolina.

7.    There exists complete diversity of citizenship of the parties to this action.

### Amount In Controversy

8.    The amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the following.

9.    In their Complaint, Plaintiff does not state a monetary relief sought. However, Plaintiff claims that Plaintiff suffered serious and permanent injuries as an alleged result of a defective safety latch from a multi-position ladder manufactured and distributed by Defendant, that she had to "undergo radical procedures", "hospitalizations" and had "scarring and disfigurement" and that she incurred substantial medical expenses and lost income as a result of her injuries. The complaint seeks both compensatory and

punitive damages against the Defendant, and there is no question that Plaintiff seeks an amount in excess of $75,000.00, exclusive of attorneys' fees, interest and costs, from the Defendant by way of this action.

10.    Because Plaintiff seeks an amount in excess of $75,000.00, the amount in controversy has been satisfied for purposes of removal.

## Timeliness Of Removal

11.    This notice is filed within thirty (30) days of the Defendant's receipt of the summons and complaint. See Gordon v. Hartford Fire Ins. Co., 105 Fed. Appx. 476, 480-481 (4th Cir. 2004) (noting that when service is effected on a statutory agent, the time to remove the action to federal court does not run until the defendant actually received a copy of the complaint). Furthermore, one year has not passed from the commencement of this action, which occurred on August 6, 2024. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

## Conclusion

12.    28 U.S.C. § 1441 (a) provides:

> Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

13.    Given that there is complete diversity of citizenship between the Plaintiff and the Defendant and because the amount in controversy exceeds $75,000.00, exclusive of interest, attorney's fees and costs, this Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332. Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

- 3 -

14.     Venue is proper under 28 U.S.C. § 1446(a) because the State Court Action is pending in within the United States District Court for the District of South Carolina.

15.     Promptly after filing this Notice of Removal, written notice hereof will be given to all parties. In addition, Defendant will file a copy of this Notice of Removal with the Clerk of Court for the Court of Common Pleas of Oconee County, State of South Carolina, in conformity with 28 U.S.C. §1446(d).

WHEREFORE, Defendant, Werner Co., d/b/a Werner, prays that this Notice of Removal be deemed good and sufficient, that the aforesaid Complaint be removed from the Court of Common Pleas for the County of Oconee, State of South Carolina to the United States District Court for the District of South Carolina for trial and determination as provided by law, and that this Court enter such orders and issue such process as may be proper to bring before it copies of all records and proceedings in such civil action from such state court and thereupon proceed with the civil action as if it had been commenced originally herein.

This is the 20th day of August, 2024.

Respectfully submitted,

PHELPS DUNBAR LLP

*/s/ Robert M. Kennedy, Jr.*
Robert M. Kennedy, Jr.
S.C. Bar No. 102288
D.S.C. Fed ID No.: 12270
4141 ParkLake Avenue, Suite 530
Raleigh, North Carolina 27612
Telephone:   919-789-5300
Facsimile:   919-789-5301
Email:  Robert.kennedy@phelps.com

*Attorney for Defendant Werner Co., d/b/a Werner*

## CERTIFICATE OF SERVICE

I hereby certify that I have on this date, August 20, 2024, electronically filed the foregoing Notice of Removal with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record. Furthermore, a true and correct copy of the foregoing Notice of Removal was sent the following attorneys of record via U.S. mail and electronic mail.

Joshua D. Christian
CHRISTIAN & CHRISTIAN, LLC
Post Office Box 332
Greenville, South Carolina 29602
jchristian@cclawfirm.com
T: (864) 232-7363

*Counsel for Plaintiff*

PHELPS DUNBAR LLP

*/s/ Robert M. Kennedy, Jr.*
Robert M. Kennedy, Jr.
S.C. Bar No. 102288
D.S.C. Fed ID No.: 12270

- 5 -